IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3143 |
| vs. | ORDER |
| FREDERICK ALAN VOIGHT, | |
| Defendant. | |

This matter is before the Court on the defendant's objection ([filing 26](#)) to the magistrate judge's orders setting the conditions of the defendant's release ([filing 15](#)) and restricting certain conduct by the defendant's criminal defense counsel ([filing 16](#)). The defendant's objection will be denied.

The magistrate judge's orders were entered following the defendant's initial appearance, at which the government expressed concerns about defense counsel's contact with the defendant's alleged victims regarding what the magistrate judge characterizes as a "note exchange or repayment plan." *See* [filing 14](#). Defense counsel explained that an unrelated third-party investor was interested in acquiring technology owned by one of the defendant's companies. So, the third-party investor was offering to exchange the now-worthless promissory notes held by the defendant's alleged victims for preferred shares in a new venture. This, counsel explained, was intended to clear up ownership of the technology and eliminate any encumbrances that might result from the defendant's companies or any claims against them or the defendant.

The government's concern was that defense counsel's discussion of that opportunity with the defendant's alleged victims went beyond the scope of appropriate investigation or representation, and the magistrate judge agreed.

The primary focus of discussion on this issue at the initial appearance concerned whether it was necessary for defense counsel to engage in those conversations with the alleged victims, as opposed to talking with them about the actual charges against the defendant and referring any discussion of a new financial opportunity to other counsel who were responsible for the new venture. While defense counsel suggested it would be difficult to avoid the subject, it wasn't clear why, and the magistrate judge was not persuaded it was necessary for defense counsel to engage with the alleged victims regarding the note exchange opportunity other than to refer them to an outside advisor.

Accordingly, the magistrate judge precluded both the defendant and his defense counsel from contacting the alleged victims in this case "regarding any note or exchange plan," but expressly provided that counsel was "not restricted from conferring with victims/witnesses regarding the allegations in the indictment, and they may refer victims/investors/noteholders to a neutral outside attorney/advisor for discussions regarding any note exchange or a repayment plan." Filing 16 at 1; *see* filing 15 at 2. The defendant objects to the magistrate judge's orders.

The defendant's primary argument, presented at some length in his brief, is that the magistrate judge's orders—characterized by the defendant as a "gag order"—are an unconstitutional prior restraint on speech in violation of the First Amendment. Filing 27 at 11-20. Concomitant to that argument, the defendant objects that the orders were entered without supporting evidence being offered by the government, filing 27 at 12-15, and that they're unlawful because they asymmetrically limit only the defendant and his counsel, filing 27 at 18-20.

The problem with those arguments is that none of them were presented to the magistrate judge. The First Amendment wasn't raised at all. Nor was

any issue raised with respect to the factual basis for the government's request—in fact, while there was some disagreement around the margins about the extent to which defense counsel had actually been involved in promoting or explaining the note exchange, there was no substantial disagreement about the nature of the note exchange or the conduct that the government sought to preclude. Rather, the most complete explanation of the underlying conduct came from defense counsel, and the magistrate judge clearly relied upon his explanation in reaching her decision.

Simply put, a district judge's function under NECrimR 46.2(c) is to *review* the magistrate judge's orders, and the Court cannot review the magistrate judge's answer to a question she was never asked in the first place. "[A] claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review." *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 1000 (8th Cir. 2004); *accord Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *see Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000); *United States v. Simeon*, 115 F. Supp. 3d 981, 996-97 (N.D. Iowa 2015); *Britton v. Astrue*, 622 F. Supp. 2d 771, 776 (D. Minn. 2008) *Motorola, Inc. v. Alexander Mfg. Co.*, 786 F. Supp. 808, 810 (N.D. Iowa 1991). If the defendant wants to press his First Amendment argument, or question the sufficiency of the government's evidentiary showing, he should present those arguments to the magistrate judge in the first instance by asking her to review the conditions of his release. *See* 18 U.S.C. § 3142(c)(3); NECrimR 46.2(b).

Toward the end of his brief, the defendant also suggests that his Sixth Amendment right to the effective assistance of counsel and his Fifth Amendment right to due process of law are implicated by the magistrate judge's orders. Filing 27 at 20-25. It's not clear that these arguments were

presented to the magistrate judge either, at least on those grounds. *See* filing 14. But the question of effective representation was generally raised—it was just that defense counsel was unable to persuasively articulate why discussion of the note exchange was necessary for them to represent their client. *See* filing 14. And even now, the defendant's arguments seem to be premised on the assumption that counsel's access to witnesses, and inquiry into relevant matters, is somehow impaired—which is contrary to the express provision that counsel is "not restricted from conferring with victims/witnesses regarding the allegations in the indictment."

In other words, the defendant's Fifth and Sixth Amendment arguments suffer from the same deficiency as his First Amendment argument: the Court has little doubt that the magistrate judge would have permitted counsel to inquire about any matters relevant to the defendant's case, if only counsel had explained how they were relevant. If counsel manages to think of something, they're free to take it to the magistrate judge, and then to the undersigned if they're dissatisfied with the magistrate judge's resolution of any issues that the magistrate judge is actually asked to decide. In the meantime,

IT IS ORDERED that the defendant's objection (filing 26) to the magistrate judge's orders (filing 15 and filing 16) is overruled.

Dated this 29th day of November, 2018.

BY THE COURT:

_____
John M. Gerrard
Chief United States District Judge