IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18CR3143 |
| vs. | |
| FREDERICK ALAN VOIGHT, | MEMORANDUM AND ORDER |
| Defendant. | |

Defendant faces a 20-count indictment alleging violations of Title 18, United States Code, Sections 1341 (mail fraud), 1343 (wire fraud) and 1957 (money laundering). (Filing No. 1). Defendant has moved the court to pay litigation costs including expert witness fees (Filing No. 76) and for a bill of particulars (Filing No. 77). For the reasons described below, these motions will be denied.

Motion for Defense Litigation Costs and Expert Witness Fees

Defendant requests the court pay litigation costs including expert witness fees, more specifically, the following expenses: "(a) United States Marshall's Service of Process Fees to properly subpoena said witnesses; (b) Transportation costs necessary to bring and return said witnesses between Texas and Lincoln, Nebraska for the purpose of appearing at trial; (c) Room and board costs for said witnesses as they stay in Lincoln, Nebraska during the pendency of the trial; and, (d) Expert witness fees." (Filing No. 76). While Defendant submitted a financial affidavit form (Filing No. 75), he submitted no brief in support of his motion and provides no detailed description of the types and amount of litigation costs anticipated and why those costs are necessary for presenting a defense. Defendant has retained multiple attorneys to assist in his representation. Based

on the information before the court, Defendant has failed to show that he needs financial assistance for litigation costs. Defendant's motion will be denied.

Motion for Bill of Particulars

Defendant requests a bill of particulars which outlines the following: "(a) the exact date, time and location of each alleged offense committed by the defendant or any overt act undertaken by the defendant in furtherance of the offenses; (b) a list of all witnesses and their addresses; (c) from whom the defendant alleged to have defrauded and the amounts; (d) to whom the defendant is alleged to have made material false and fraudulent representations; and (e) whether the defendant is alleged to have acted directly or indirectly; and if indirectly, a full description of the alleged event." (Filing No. 77).

Defendant claims "[h]e is unable without a Bill of Particulars to be informed of the nature of the charges specific to him alone with sufficient precision to prepare for trial" and "[t]he Bill of Particulars is needed to avoid or minimize the danger of surprise at the time of trial as to the evidence specific to him alone." (Id.). The government opposes the motion for bill of particulars, stating it has already provided extensive discovery and afforded Defendant with adequate notice of the charges and a full and fair opportunity to prepare a defense.

If a defendant believes that an indictment lacks sufficient information to prepare a defense, then he may move for a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011). A bill of particulars may be required when the indictment on its face contains vague or conclusory allegations such that the defendant lacks notice of the crimes of

which he is charged. But "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." Huggans, 650 F.3d at 1220.

The indictment (Filing No. 1) informs Defendant of the crime charged. And, as stated by Defendant, the government has produced "several hundred thousand pages of Rule 16 materials." (Filing No. 77, at CM/ECF p. 1). Defendant's motion seeks an outline explaining how and through what witnesses the government intends to prove its case. Defendant is not entitled to this information. His motion for bill of particulars will be denied.

Accordingly,

IT IS ORDERED:

1) Defendant's Motion for Defense Litigation Costs and Expert Witness Fees (Filing No. 76) is denied.

2) Defendant's Motion for Bill of Particulars (Filing No. 77) is denied.

Dated this 18th day of December, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge