IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18CR3143 |
| vs. | |
| FREDERICK ALAN VOIGHT, | ORDER |
| Defendant. | |

Defendant moves for an order requiring the government to disclose any exculpatory information, and any reports, case files, and notes of I.R.S. Investigator Earl Brown. He further requests an order requiring early disclosure of material covered by the Jencks Act or Rule 26.2 of the Federal Rules of Criminal Procedure. (Filing No. 110). For the reasons discussed below, the motion will be denied.

ANALYSIS

1. Brady and Rule 16 Disclosures.

The government must disclose to the defendant all exculpatory information in the possession of or reasonably available to the prosecution. Brady v. Maryland, 363 U.S. 83 (1964) and Giglio v. United States, 405 U.S. 150 (1972). And under Fed. R. Crim. P. 16(a)(1)(E), the government must disclose information within its possession and control that may be material to the defense of the case.

In response to Defendant's motion for disclosure, the government states "Voight has received voluminous discovery and has been provided with all information, both exculpatory and inculpatory, which the United States has in its

possession at this point." (Filing No. 118, at CM/ECF p. 5). The government further states it "is not aware of any exculpatory information as outlined in Brady v. Maryland," and if it finds such information, it will provide it to the defendant. (Filing No. 118, at CM/ECF p. 15).

When a defendant moves to compel production of Brady and Rule 16 materials, the defendant must make a preliminary showing demonstrating that the prosecution team possesses or has reasonable access to exculpatory and/or material information that it has failed to disclose. Mere conclusory allegations that federal prosecutors, agencies, and law enforcement officials are or may be withholding such information are insufficient to justify entering an order compelling further government disclosures. U.S. v. Roach, 28 F.3d 729, 734 (8th Cir. 1994); U.S. v. Krauth, 769 F.2d 473, 476 (8th Cir. 1985).

Voight appears to be claiming the prosecution must obtain the report, case files, and notes of I.R.S. Investigator Earl Brown and then disclose them to Voight. Defense counsel explains:

> The IRS began investigating Mr. Voight in 2007. The investigation ended in 2015. Discovery in this case shows that IRS examiner Earl Brown was brought into the investigation "to find things" on Mr. Voight. Discovery indicates Earl Brown did a thorough review of Mr. Voight and all of his business entities, and determined relatively no tax deficiency (even though the government sought millions of dollars in tax deficiencies/penalties) and further determined Mr. Voight's business dealings were not a Ponzi scheme. This evidence is material to Mr. Voight's defense and is in the possession of a government agency who investigated Mr. Voight for years and clearly provided information to the government in the prosecution of this case.

(Filing No. 110, at CM/ECF p. pp. 3-4).

Voight argues the government is obligated to disclose Investigator Brown's files because they are material to his defense and within the prosecution's control. But the prosecution does not intend to call Investigator Brown as a witness, and the indictment does not allege criminal charges for violation of the federal tax code. As such, Voight has failed to show how Agent Brown's assessment of facts he uncovered and the opinions he reached while performing a tax investigation are material or potentially exculpatory as to the SEC and mail fraud crimes at issue.

Moreover, Voight does not claim the prosecution possesses Investigator Brown's report and records, and while Voight appears to argue those records are nonetheless within the prosecution's control, he has failed to present any evidence or argument to support that assertion.

The prosecution is "deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant." United States v. Bundy, 968 F.3d 1019, 1037 (9th Cir. 2020) (quoting United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir. 1989)). The prosecutors' discovery obligations are not violated by their failure to produce documents that are possessed by agencies which are not involved in the criminal investigation or when the prosecution has no control over the agency officials who physically possess the documents. United States v. Morris, 80 F.3d 1151, 1169 (7th Cir.1996). See also, United States v. Long, 870 F.3d 741, 747 (8th Cir. 2017) (stating the prosecutor "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case. . . .") (emphasis added); United States v. Merlino, 349 F.3d 144, 154 (3d Cir. 2003); United States v. Casas, 356 F.3d 104, 116 (1st Cir. 2004).

Here, the prosecution states that Agent Brown was interviewed one time based on the statements made by defense counsel in this case (and after the indictment was filed). The government believes (and will confirm) that the report of that interview was submitted to Voight in discovery. Even after this interview, Investigator Brown is not identified as a prosecution witness. The prosecutor states he will attempt to determine if his office has any further information related to Agent Brown in its case files, but under the circumstances presented, "the United States cannot receive further IRS documents without separate judicial process." ([Filing No. 118, at CM/ECF p. 16](#)). The government argues it cannot be ordered to subpoena or use judicial processes to obtain information that Voight thinks may be relevant to his defense in this criminal action. [Id](#).

The court agrees. "[T]he government has no obligation to obtain for a defendant records that it does not already have in its possession or control." [United States v. Hall](#), 171 F.3d 1133, 1145 (8th Cir. 1999). Under the facts presented, it is undisputed the prosecution does not currently possess Investigator Brown's files, and there is no showing it has control over those files. So, the government is not required to obtain this information for the defendant. It has provided (or will provide) to Voight's counsel the report from its post-indictment interview of Investigator Brown. After reviewing that document, considered in conjunction with his personal knowledge and experience regarding Investigator Brown's investigation and statements, Voight can decide whether he wants to initiate his own discovery to obtain Investigator Brown's report, case files, and notes. Neither <u>Brady</u> nor Rule 16 support obtaining a court order that effectively shifts that discovery work to the prosecution.

Voight's motion to compel production of exculpatory information as required under <u>Brady</u> and/or information material to his defense is denied.

2) <u>Jencks Act and Rule 26.2 Disclosures</u>.

Citing the Jencks Act and Rule 26.2, Voight moves for an order requiring the government to disclose the statement(s) of Investigator Brown. (Filing No. 110, at CM/ECF pp. 3-4). The Jencks Act requires the district court, on the motion of a defendant, to produce any "statements" of a government witness that relate to the subject matter of the witness's testimony, after the witness has testified on direct examination at trial. 18 U.S.C. § 3500(b). Rule 26.2 likewise requires disclosure of witness statements, with the obligation broadened to include statements of not only trial witnesses, but also witnesses at detention, preliminary, suppression, sentencing, revocation, and § 2255 hearings. Under either the Jencks Act or Rule 26.2, the government's disclosure obligation does not begin until after the witness testifies, and then only upon the request of the defendant.

Here, Investigator Brown has not testified, and the prosecution does not plan to call him as a witness in this case. Voight is not entitled to early disclosure of any statement, if any, made by Investigator Brown.

Accordingly,

IT IS ORDERED that Defendant's motion for disclosure, (Filing No. 110), is denied.

Dated this 3rd day of June, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge