IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3143 |
| vs. | ORDER |
| FREDERICK ALAN VOIGHT, | |
| Defendant. | |

    This matter is before the Court on the defendant's appeal (filing 220) of the Magistrate Judge's order (filing 214) that the defendant be detained pending trial. The defendant's appeal will be denied.

    If a person is ordered detained by a Magistrate Judge, he may file a motion for revocation or amendment of the order with the district judge. *See* 18 U.S.C. § 3145(b). Such a motion "shall be determined promptly." *Id*. When reviewing the Magistrate Judge's order, the Court

> may hear and consider additional evidence not considered by the magistrate judge if that evidence was not available to be presented to the magistrate judge at the hearing held under 18 U.S.C. § 3142(f) or for other good cause shown. In the alternative, the district judge may remand the matter to the magistrate judge to reopen the hearing. Unless additional evidence is received on review, the district judge reviews an order of release or detention de novo on the record made before the magistrate judge.

NECrimR 46.2. The defendant hasn't offered additional evidence or asked for the opportunity to present any additional evidence, *see* filing 220, so the Court

has conducted a *de novo* review of the record, *see* NECrimR 46.2, particularly including (but not limited to) the transcript of the hearing on the petition (filing 219) and the exhibits listed on the exhibit list (filing 217) from the hearing held by the Magistrate Judge.

Pursuant to § 3142(e)(1), a defendant shall be detained pending trial if, among other things, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Only if the government shows by clear and convincing evidence that no release conditions will reasonably assure the safety of the community, or by a preponderance of the evidence that no conditions will reasonably assure the defendant's appearance, can a defendant be detained before trial. *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003).

But those are the standards for an initial determination regarding pretrial detention. The rules are different when a defendant is released pending trial but violates the conditions of that release. When that happens, the defendant "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). And the Court

> shall enter an order of revocation and detention if, after a hearing, the judicial officer—
> (1) finds that there is—
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that—

- 2 -

    (A)    based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

    (B)    the person is unlikely to abide by any condition or combination of conditions of release.

§ 3148(b). In other words, when there is clear and convincing evidence that a defendant has violated a condition of pretrial release, detention need no longer be premised on a flight risk or danger to public safety—it is enough to find that the person remains unlikely to abide by conditions of release. *See id.*

And, for the reasons explained by the Magistrate Judge, that's the Court's conclusion here. The Magistrate Judge's findings are carefully articulated and well-reasoned, *see* filing 214, and the Court need not repeat them. The Court simply makes two additional observations with respect to the arguments presented in the defendant's objection (filing 220).

First, the Court notes that all of the defendant's arguments depend on the Court believing that he's a credible witness. But he's not. In particular, the Court is unconvinced that, even now, it's been provided with a full and candid description of the murky arrangements made among the defendant, Thompson Hunt & Associates, and its principals. And the Court's second observation is related: The Court is also unpersuaded by the defendant's claims to have unknowingly violated the conditions of his pretrial release because he didn't clearly understand them. *See* filing 220. A defendant who is genuinely concerned with compliance—particularly a sophisticated businessperson like the defendant—would err on the side of caution and disclosure. Instead, the defendant erred on the side of secrecy and obfuscation. And err he did.

On its *de novo* review of the record, the Court fully agrees with the Magistrate Judge's findings and conclusions. Accordingly, the defendant will be detained pending trial.

IT IS ORDERED that the defendant's appeal (filing 220) is denied.

Dated this 12th day of July, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge